## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John J. Herbst, Jr. | : Case No. |
| | : |
| **Plaintiff** | : Judge |
| | : Electronically Filed |
| v. | : |
| | : |
| The County of York, Pennsylvania; and | : |
| Pennsylvania; and | : |
| | : |
| Pleasant Acres Nursing and | : |
| Rehabilitation Center, York County | : Jury Trial Demanded |
| Nursing Home. | : |
| | : |
| **Defendants** | : |

## COMPLAINT

### INTRODUCTION

1.  This suit is filed on behalf of John J. Herbst (hereinafter "Plaintiff"), a former carpenter at the Pleasant Acres Nursing and Rehabilitation Center (hereinafter "Facility"), alleging that the action of the Defendants, themselves, and/or by and through their agents, servants, and/or employees, in terminating Plaintiff's employment was in retaliation against the Plaintiff for exercising his first amendment right to speak out about serious health hazards arising out of Defendants' work orders to Plaintiff to remove, replace and otherwise maintain flooring for the Defendant, thereby depriving the Plaintiff of his Constitutional right of free speech.

1

## JURISDICTION

2.  This Court has original jurisdiction over Plaintiff's cause of action arising §1983 of the Civil Rights Act of 1871 pursuant to 28 U.S.C. §1331.  This court has supplemental jurisdiction over Plaintiff's cause of action under The Pennsylvania Whistleblower Law, 43 Pa. Stat. Ann. §1421 et seq., pursuant to 28 U.S.C. § 1367.

## PARTIES

3.  The Plaintiff herein is John J. Herbst, Jr., an adult resident of York County, Pennsylvania, with an address at 1716 Snyder Corner Road, Windsor, PA  17366.

4.  The Defendants herein are:

a.        The County of York, Pennsylvania, a local governmental unit, a third class County, with an address for business at 28 East Market Street, York, Pennsylvania 17401 (hereinafter "County").

b.        Pleasant Acres Nursing & Rehabilitation Center (hereinafter "Facility"), a department of the County of York, Pennsylvania, with an address for business at 118 Pleasant Acres Road, York, PA 17402.

## FACTUAL BACKGROUND

5.  Plaintiff was hired by Defendant County to work as a carpenter at Defendant Facility on November 20, 2002.

6.  Defendant Facility is in the business of providing long-term medical and rehabilitative care for the elderly and infirm.

7.  Pursuant to his employment, Plaintiff was a member of the Chauffeurs, Teamsters and Helpers Local Union No. 776, in good standing, for the duration of such employment.

8.  As a carpenter, Plaintiff was responsible for repairing, maintaining, renovating, and caring for portions of Defendant Facility's premises, including the floor covering located throughout the Facility.

9.  Plaintiff's primary responsibility was to carry out work orders submitted to him by, among others, his supervisor/manager, John Cadek (hereinafter "Cadek"), and Cadek's successor, Larry Gurreri, Director of Plant Operations (hereinafter "Gurreri")

10. At various times during the course of his employment, Plaintiff received work orders requiring him to repair, remove, or otherwise handle floor tiles located throughout the Facility (hereinafter "Orders").

11. Plaintiff would complete Orders in what he believed to be the customary manner of removing floor tiles. Specifically, Plaintiff used an ice scraper, chisel, shovel, and his hands to remove said tiles.

12.After Plaintiff removed such tiles, he disposed of them in what he believed to be the customary manner of disposal. Specifically, Plaintiff disposed of the tiles in a "garbage hopper," which would, in turn, be emptied into an ordinary dumpster.

13.Plaintiff completed Orders in the ordinary course of his employment until in or about September, 2003.

14.In or about September, 2003, Plaintiff spoke with Jeff Fitz (hereinafter "Fitz"), a painter employed by Defendants.

15.Fitz warned Plaintiff that the floor tiles Plaintiff had been removing or repairing with contained asbestos.

16.Believing that his health and the health of other employees and residents were in danger, Plaintiff, in or about September of 2003, asked Cadek to test the floor tiles for the presence of asbestos.

17.Plaintiff also requested that Cadek provide him appropriate equipment to ensure his safety and the safety of other employees and residents during the removal or repair of the floor tiles.

18.On or about September 18, 2003, Cadek refused to test the floor tiles for the presence of asbestos, ordered Plaintiff to complete the Orders, and stated that if Plaintiff was so concerned about "dust," then he should use a dust mask.

19.Dust masks provided were not intended to protect an individual from the harmful effects of airborne asbestos particles.

20.Fearing he would lose his job, Plaintiff completed the Orders as required while wearing a dust mask.

21.Plaintiff, during the course of his work with the floor tiles, removed a sample of tile and glue to have tested for the presence of asbestos.

22.On or about September 24, 2003, Plaintiff filed a grievance against Defendant County through the grievance procedure set forth in the Collective Bargaining Agreement (hereinafter "CBA").

23.Over the next three months, Plaintiff, on several occasions, completed Orders to remove floor tiling that Plaintiff believed contained asbestos using an ordinary dust mask.

24.On or about December 16, 2003, Plaintiff submitted a tile and glue sample taken from room 426 in the Main Building for independent laboratory testing to determine if same contained asbestos.

25.On or about December 22, 2003, Plaintiff received the results of the testing described in paragraphs 63 and 65.

26.Such test results indicated that the sample of floor tile and glue taken from the Facility did, in fact, contain hazardous amounts of asbestos.

27.Plaintiff thereafter reported these results to Gerald Walt, union stewart (hereinafter "Walt") and Kitty Hake, the Business Agent for Local 776, Plaintiff's union (hereinafter "Hake").

28. On August 4, 2004, Plaintiff received a letter from Hake purporting to have resolved the grievance described in paragraph 22.

29. Hake's letter to Plaintiff indicated the following:

    a. Cadek said to Walt that he would have the floor tiles tested for the presence of asbestos.

    b. George Meshew, Project Manager for York County, and the York County Human Resource and Risk Management Department represented that all asbestos had been removed in the 1980's.

    c. In or about 2000, Defendant County contracted with Conservative Environmental and Cumberland Analytical to remove asbestos-containing mastic from the Hospital 3rd and 4th floors.

    d. The Union purportedly resolved Plaintiff's grievance described in paragraph 22 by obtaining assurances from Defendant County that it will provide all appropriate protective gear and test the tiles for the presence of asbestos.

30. It is believed and therefore averred that Cadek never had the floor tiles tested in the manner he had promised.

31. Defendants continued to order Plaintiff to remove or repair such asbestos-containing floor tiles without providing him with the proper protective gear.

32. On or about May 6, 2005 the Plaintiff received a work order from Gurreri pertaining to a missing floor tile and several other loose floor tiles in the beauty shop on the ground floor of the main building. The Plaintiff assessed the condition of the floor, glued one tile down and reported to Gurreri that the entire floor needed to be replaced, and that the flooring contained asbestos.

33. On February 16, 2006, Plaintiff received a work order from Gurreri which required Plaintiff to remove and replace the floor tiles in the beauty shop.

34. On or about February 16, 2006, Plaintiff informed Gurreri he could not remove floor tiles because they contained asbestos. The Plaintiff initialed the work order and returned it with a notation indicating same.

35. Gurreri thereafter threatened Plaintiff by telling Plaintiff that if he [Plaintiff] didn't do his job, he would be replaced.

36. Plaintiff consulted with Wendy McNeal, a union stewart, with respect to Gurreri threat. McNeal and/or the Union did not address Plaintiff's concerns.

37. On or about April 5, 2006, Plaintiff received a second work order from Gurreri requiring that he remove and replace the floor tiles in the beauty shop. The Plaintiff again refused because of the presence of asbestos in the floor tiles, and initialed the work order. He also returned it with a notation stating floor tiles contains asbestos.

38. Plaintiff then consulted with Walt regarding his concern about Gurreri's insistence on having Plaintiff remove floor tiles in the beauty shop. Walt and/or Union provided no assistance.

39. After Plaintiff consistently refused to remove the asbestos-containing floor tiles, Defendants hired a general contractor and a former prisoner from the York County Prison to remove and replace the floor tiles in the beauty shop.

40. On or about June 13, 2006, Plaintiff received a work order from Gurreri that required Plaintiff to remove and replace asbestos-containing floor tiles in room 421 of the Main building.  Plaintiff once again initialed work order and returned it with a notation stating that he could not repair due to asbestos.

41. On or about June 20, 2006, Plaintiff received a second work order requesting that Plaintiff remove and replace the floor tiles in room 421 of the Main building. Plaintiff again initialed the work order and returned it with a notation stating could not repair due to asbestos.

42. On or about July 20, 2006, Scott Fink, a co-worker, saw Plaintiff take another sample of floor tile and place it inside a rubber glove.

43. On August 15, 2006, Plaintiff arrived to work at 6:51, 6 minutes after his start time.

44.Plaintiff's collective bargaining agreement provides that an employee's pay will not be docked providing he/she arrives no later than six minutes after his/her start time.

45.Plaintiff entered on his timesheet his regular start time of 6:45am instead of 6:51am, based on his understanding of the 6 minute grace period provided for in the collective bargaining agreement.

46.Plaintiff was terminated on August 15, 2006 for allegedly falsifying personnel of County records by inserting in his time clock adjustment form his regular start time of 6:45am rather than his arrival time of 6:51am.

## COUNT I -  42 U.S.C. §1983 – First Amendment
### Plaintiff v. All Defendants

47.Paragraphs 1 through 46 are incorporated herein by reference as if fully set forth.

48.At all times relevant to this cause of action, Defendants were state actors for the purpose of Section 1983 of the Civil Rights Act.

49.Plaintiff believes, and therefore avers, that Defendants terminated his employment because he exercised his first amendment right to speak out with

respect to the presence of asbestos in floor tiles in Facility and the lack of asbestos safety precautions taken by Defendants.

50. In retaliation for Plaintiff's exercise of his constitutionally-guaranteed right of free speech, Defendant terminated his employment.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and against the Defendants in an amount of compensatory and punitive damages in excess of $500,000, with interests and costs, and reasonable attorneys fees, pursuant to the Civil Rights Attorneys Fees Award Act of 1976, 42 U.S.C. §1988, plus any other relief deemed appropriate by this Honorable Court.

## COUNT II
### WHISTLEBLOWER – 43 Pa.C.S. §1421, et seq.
### Plaintiff v. All Defendants

51. Paragraphs 1 through 50 are incorporated herein by reference as if fully set forth.

52. Defendants are employers as that term is defined at 43 Pa.C.S. §1422.

53. Plaintiff reported the presence of asbestos and lack of necessary safety equipment for use in the removal of such asbestos to his superiors, to the union, and to an appropriate state agency.

54. Defendants' failure to report the presence and/or removal of asbestos-containing floor tiles to the appropriate agency and failure to provide Plaintiff with all safety equipment and procedures required by law for the removal of asbestos constitutes wrongdoing under 43 Pa.C.S. §1422.

55. Plaintiff believes, and therefore avers, that he was discharged from his employment as the result of making good-faith reports concerning wrongdoing as described hereinabove.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendants in amount equivalent to the sum of lost wages, compensatory damages, litigation costs, and reasonable attorney and witness fees, and any other relief deemed appropriate by this Honorable Court.

## JURY TRIAL DEMANDED

56. Paragraphs 1 through 55 are incorporated herein by reference as if fully set forth.

57. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands this Honorable Court to enter judgment in Plaintiff's favor on all Counts, and to hold Defendants liable to Plaintiff and award him any and all relief demanded herein.

Respectfully Submitted,

___s/ Niles S. Benn, Esquire_____
Niles S. Benn, Esquire
ID # PA16284
103 East Market Street
York, PA 17405-5185
Phone: (717) 852 – 7020
Fax: (717) 852 – 8797
nbenn@bennlawfirm.com